UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61758-CIV-DIMITROULEAS/SNOW

BTL INDUSTRIES, INC.

    Plaintiff,

v.

TECHNO ESTHETICS INC., D/B/A TRUE
ESTHETICS MEDSPA,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT AND MOTION TO ENFORCE JUDGMENT

THIS CAUSE is before the Court on Defendant, Techno Esthetics Inc.'s ("Defendant"), Motion to Set Aside Final Default Judgment (ECF No. 25) and Plaintiff, BTL Industries Inc.'s ("Plaintiff"), Motion to Enforce Judgment (ECF No. 22). The Honorable William P. Dimitrouleas referred the motions to United States Magistrate Judge Lurana S. Snow for appropriate disposition or report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. (ECF Nos. 23; 26) An evidentiary hearing was held before the undersigned via Zoom on March 25, 2022, where the Court heard evidence and testimony presented by three witnesses. (ECF No. 34)

## I. BACKGROUND

On August 23, 2021, Plaintiff, BTL Industries Inc., filed a Complaint against Defendant, Techno Esthetics Inc., for trademark infringement, alleging that Defendant used Plaintiff's trademarks in Defendant's marketing materials and

social media pages without a license. (ECF Nos. 1; 29 at 1)  On August 26, 2021, the Complaint was served on a woman named Ellen Amansa at Defendant's principal address. (ECF No. 7) According to the declaration of the process server Carlos Escobar, a woman named Ellen Amansa opened the office door and stated that she was an employee of Defendant authorized to accept service of process on its behalf. (ECF No. 29-1) On September 17, 2021, when Defendant failed to timely respond to the Complaint, the Clerk entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). (ECF No. 9)  Subsequently, on October 6, 2021, Plaintiff filed a Motion for Entry of Final Judgment and Permanent Injunction by Default Against Defendant. (ECF No. 14)  On October 8, 2021, the District Court Ordered Defendant to show cause why the Court should not grant Plaintiff's Motion for entry of Final Judgment and Permanent Injunction by Default. (ECF No. 15)  On October 11, 2021, the Order to Show Cause was served on a man named Manuel Agusto, who stated that he was an employee of Defendant authorized to accept service.  (ECF Nos. 17-1; 29-3)

Defendant did not respond to the Order to Show Cause and thus on October 21, 2021, the Court granted Plaintiff's motion and entered the Final Default Judgment and Permanent Injunction. (ECF No. 18)  Subsequently, the Clerk served the Court's Final Default Judgment Order on Defendant and filed a notice of compliance on record. (ECF No. 21) Plaintiff states however, that Defendant did not comply with the Court's Final Default Judgment and Permanent Injunction Order. (ECF No. 29 at 3)  Therefore, on November 29, 2021, Plaintiff filed a Motion to

2

Enforce Judgment (the "Motion to Enforce"). (ECF No. 22) Defendant did not respond to the Motion to Enforce and instead on December 31, 2021, Defendant filed a separate Motion to Set Aside the Final Default Judgment and Permanent Injunction and requested a hearing on the issue. (ECF No. 25) A hearing was held before the undersigned and the evidence heard is summarized below.

Defendant contends that the final default judgment should be set aside because service of process was insufficient with respect to both the Complaint and the Order to Show Cause. (ECF No. 25 at 7) It is Defendant's position that neither Ellen Amansa nor Manuel Agusto are employees of Defendant authorized to accept service and Defendant's sole owner, Bleixin Carvajal, states that she does not know anybody with those names. Id. In order to establish a lack of sufficient service of process, Defendant relies on the testimony of its accountant Daniel Santos, its owner Bleixin M. Carvajal, and Ms. Carvajal's husband Arnaldo M. Martinez. (ECF No. 32) On March 25, 2022, the undersigned heard the testimony of all three individuals. Id.

Daniel Santos, an accountant whose accounting firm has represented Defendant since 2009, testified at the Hearing as to Defendant's employment records. Mr. Santos testified that Defendant maintained W-2 and 1099 records for the year 2021. Mr. Santos further testified that in 2021, Defendant did not have any W-2 employees or independent contractors by the names of Ellen Amansa or Manuel Agusto. However, Mr. Santos testified that for the year 2021, Defendant did have a W-2 employee named **Silvia Amansa Carvajal**, this individual is Ms.

3

Bleixin Carvajal's mother.

Bleixin Carvajal, the sole owner of Defendant, Techno Esthetics, Inc., testified as to her employees and business practices. Ms. Carvajal testified that she established Techno Esthetics, Inc., in 2009 to educate students on skin care treatment. She further testified that she has never had any employees or independent contractors by the names of Ellen Amansa or Manuel Agusto. Ms. Carvajal did testify however, that her middle name is Marietta and that she had previously used her maiden name of **Amansa** on her marriage certificate.

Ms. Carvajal also testified that her mother, Silvia Amansa, was an employee of Defendant. When asked about her mother's middle names, Ms. Carvajal responded that one of her mother, Silvia Amansa's, middle names could be **Elena**, similar to the name "Ellen Amansa" which the process server Carlos Escobar states was served with the Complaint on August 26, 2021. Ms. Carvajal also stated that her mother's middle name could be Esther, as she "confuses" her mother's middle name with her aunts' middle names because they all start with an "E." Ms. Carvajal further testified that her mother works for her and that she liked to keep her mother around, but that her mother's memory was deteriorating and that her mother never answers the door because she is not conversational in English. When asked about a Manuel Agosto, Ms. Carvajal responded that she did not know anyone by that name.

Arnaldo M. Martinez is the husband of Ms. Bleixin Carvajal, he is an optometrist, and he is listed as the Vice President of Defendant, Techno Esthetics,

Inc., in the Florida Division of Corporations records. (ECF No. 29-2) During the hearing Dr. Martinez testified as to the layout of the office space he shared with Defendant. Dr. Martinez stated that there is only one entrance to the office and that the door shows both the name of his business and the name of Defendant's business. He also stated that he rarely answers the door, and instead one of his employees does so. In response to a question by the undersigned, Dr. Martinez stated that he does have a waiting room in the office, but that none of his patients have permission to answer the door and on occasion have been explicitly told not to answer it when the patients have offered to do so.

Dr. Martinez further testified that he did not have any employees or independent contractors by the names of Ellen Amansa or Manuel Agusto in the year 2021, and that he did not know anyone by those names. However, when asked about his own full name, Dr. Martinez responded that his middle name was **Manuel**. Moreover, Plaintiff's counsel presented a deed of trust for a house which Dr. Martinez owns in Texas, which lists Dr. Martinez's full name as Arnaldo **M.** Martinez **Agosto**. Dr. Martinez further testified that his height is around five foot seven inches, which corresponds with the description outlined in the process server's return of service. (ECF No. 17-1) Lastly, Dr. Martinez testified that his wife, Bleixin Carvajal, previously had the last name Amansa and that Silvia Amansa is Ms. Carvajal's mother. When asked about his mother-in-law's middle name, Dr. Martinez stated that he did not know. However, Dr. Martinez did testify that his mother-in-law works for Defendant at the shared office.

## II. DISCUSSION

A.  Motion to Set Aside Final Default Judgment

"Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." In re: Worldwide Web Sys., 328 F.3d 1291, 1299 (11th Cir. 2003). Under the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment if the judgment is "void." Fed. R. Civ. P. 60(b)4). The Court may also relieve a party from a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Eleventh Circuit has found that a default judgment is "void" under Rule 60(b)(4) where the defendant was not properly served. Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada, 674 F.2d 1365, 1368 (11th Cir. 1982).

In federal court, service of process is governed by Fed. R. Civ. P. 4. Under the Federal Rules, a domestic or foreign corporation must be served "in a judicial district of the United States . . . in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h). Under Fed. R. Civ. P. 4(e)(1), an individual may be served by "following state law for serving a summons." Here, Defendant, a Florida corporation, may be served in any way prescribed by the Florida Statutes.

Fla. Stat. § 48.081(3)(a) authorizes service of process on a registered agent or, if the registered agent is not present at the designated hours required by law, then service of process is properly effectuated on any employee at the corporation's principal place of business or on any employee of the registered agent. In addition, a process server "may serve the process on any employee of the registered agent

6

during the first attempt at service even if the registered agent is temporarily absent from his or her office." Id.  Moreover, any corporation may be served by serving " the president or vice president, or other head of the corporation...." Id.

"[T]he burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies with the party raising the challenge." Ostane v. Jim Wright Marine Const., Inc., No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010) (citation omitted).  Accordingly, it is Defendant's burden to demonstrate that service of process was insufficient in the instant case.  In other words, Defendant must show that service of process was not effectuated on a registered agent of Defendant, the president or vice president of Defendant, on an employee of Defendant, or on an employee of Defendant's registered agent.

According to the Return of Service forms, the Complaint and Order to Show Cause were served on two individuals who held themselves out as being employees of Defendant, Ellen Amansa and Manuel Agusto respectively.  (ECF Nos. 7, 17-1; 23-1; 23-3)  At the Hearing, accountant Daniel Santos testified that Defendant's employment records included a W-2 for a Silvia Amansa.  Bleixin Carvajal testified that Silvia Amansa was her mother and that she worked for Defendant at the office.  Moreover, Ms. Carvajal testified that her mother's middle name started with the letter "E," and that it was possible that her middle name was Elena.  During his testimony, Dr. Martinez stated that his middle name is Manuel, and Plaintiff's counsel presented a deed of trust which listed Dr. Martinez's full name: Arnaldo M. Martinez Agosto.

At the hearing the undersigned found that Defendant's witnesses had been disingenuous regarding their names. Ms. Carvajal and Dr. Martinez were not forthright regarding their own full legal names as well as the full name of Ms. Carvajal's mother, Silvia Amansa, as evidenced by the deed of trust listing Dr. Martinez's full legal name as well as the testimony heard at the hearing. It is more than likely that the Complaint was served on Silvia E. Amansa, who is Ms. Carvajal's mother and a W-2 employee of Techno Esthetics, Inc. It is equally likely that the Order to Show Cause was served on Dr. Arnaldo M. Martinez Agosto, Ms. Carvajal's husband, and the listed Vice President of Defendant. The burden is on Defendant to demonstrate that service of process was insufficient or improper. Ostane v. Jim Wright Marine Const., Inc., No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010), and the undersigned finds that Defendant has not carried that burden. Therefore, Defendant's Motion to Set Aside Final Default Judgment and Permanent Injunction (ECF No. 25), should be denied.

### B. Motion to Enforce Judgment

Since the undersigned finds that Defendant did not carry its burden of demonstrating that service of process was insufficient, the Final Default Judgment and Permanent Injunction entered in this case (ECF No. 19), should be found to be valid. Plaintiff requests that the Court enforce the Final Default Judgment and Permanent Injunction and find Defendant in contempt of that order. (ECF No. 22)

The Final Default Judgment and Permanent Injunction required Defendant to do the following: permanently discontinue any use of Plaintiff's trademarks; pay

8

Plaintiff $175,000 as an award of actual damages in the form of lost sales (with interest); pay costs incurred in the action in the sum of $53.70 (with interest); file and serve Plaintiff with a sworn statement detailing the manner and form in which Defendant has complied with the judgment; and deliver for destruction to Plaintiff all unauthorized materials bearing Plaintiff's trademarks. (ECF No. 19) As service of process was sufficient, the Court finds that the final default judgment must be enforced.

Plaintiff also requests that the Court find Defendant in civil contempt for violating the Final Default Judgment Order. (ECF No. 22) Plaintiff requests that the contempt Order require Defendant provide the Court and Plaintiff with a "reporting of (1) sales for all goods and services utilizing [Plaintiff's] Trademarks since October 21, 2021, the date by which Defendant was ordered to permanently cease its infringing activities; and (2) when, to whom, and how many of these goods were sold, both adequately supported by invoices and receipts." Id. at 6. Plaintiff also requests that the Court Order Defendant to complete and produce the Fla. R. Civ. P. Form 1.977—a Fact Information Sheet that requires disclosure of debtor financial information and production of documents. Id. at 7.

Based on the above findings, the undersigned further finds that Defendant is in contempt for violating the Final Default Judgment and Permanent Injunction Order. Accordingly, the undersigned concludes that Plaintiff's Motion to Enforce Judgment (ECF No. 22), should be granted. Accordingly, Defendant should produce a report of sales for all goods and services utilizing Plaintiff's trademarks since

October 21, 2021, as well as a report of when, to whom, and how many of these products were sold. In addition, Defendant should complete and produce the Form 1.977 within twenty (20) days from the date upon which the District Court adopts this Report and Recommendation. Lastly, at the hearing, Plaintiff requested an award of attorneys' fees and costs. The undersigned instructed Plaintiff that it must file a separate motion seeking this relief.

### III. CONCLUSION

After careful review of the Motions, the entire case file, argument of counsel, testimony of the witnesses, the evidence presented, and the applicable law, it is hereby

RECOMMENDED that Defendant's Motion to Set Aside Final Default Judgment (ECF No. 25) be DENIED.

It is further RECOMMENDED that Plaintiff's Motion to Enforce Judgment (ECF No. 22) be GRANTED, as follows:

1. Defendant shall fully comply with the Final Default Judgment and Permanent Injunction at (ECF No. 19), which includes the $175,000 damages award to Plaintiff;

2. Defendant be held in contempt of the Court's Final Default Judgment and Permanent Injunction Order and accordingly, shall produce a reporting of (1) sales for all goods and services utilizing Plaintiff's trademarks since October 21, 2021; and (2) when, to whom, and how many of these goods were sold, both adequately supported by invoices and receipts;

3. Defendant shall complete and produce the Form 1.977 within twenty (20) days of the date upon which the District Court adopts this Report and Recommendation.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo Determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 8th day of April 2022 .

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record