UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61758-CIV-DIMITROULEAS

BTL INDUSTRIES, INC., a Delaware corporation,

    Plaintiff,

vs.

TECHNO ESTHETICS INC., d/b/a TRUE ESTHETICS MEDSPA, a Florida corporation,

    Defendant.
_____/

**OMNIBUS ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING DEFENDANT'S VERIFIED MOTION TO SET ASIDE FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION AND MOTION TO QUASH SERVICE OF PROCESS; GRANTING PLAINTIFF'S MOTION TO ENFORCE INJUNCTION, FOR CONTEMPT, FOR SANCTIONS, AND MOTION TO COMPEL DEFENDANT TO PROVIDE JUDGMENT DEBTOR FACT INFORMATION**

THIS CAUSE is before the Court upon Plaintiff BTL Industries, Inc. ("BTL" or "Plaintiff")'s Motion to Enforce Injunction, for Contempt, for Sanctions, and Motion to Compel Defendant to Provide Judgment Debtor Fact Information [DE 22]; Defendant TECHNO ESTHETICS INC., d/b/a TRUE ESTHETICS MEDSPA, a Florida corporation, ("Defendant")'s Verified Motion to Set Aside Final Default Judgment and Permanent Injunction and Motion to Quash Service of Process [DE 25]; and the April 8, 2022 Report and Recommendation of Magistrate Judge Lurana S. Snow, recommending that Defendant's Motion to Set Aside Final Default Judgment [DE 25] be denied and that Plaintiff's Motion to Enforce Judgment [DE 22] be granted. [DE 36]. The Court has carefully considered these filings, the entire docket, Defendant's Objections to the Report and Recommendation [DE 37], Plaintiff's Response to Defendant's Objections [DE 39], the transcript of the March 25, 2022 evidentiary hearing before Judge Snow [DE 38], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Defendant's Objections to the Magistrate Judge's Report and Recommendation. [DE 37]. Having carefully considered Defendant's Objections, the Court overrules the Objections. The Court agrees with the arguments set forth in the Plaintiff's Response to the Defendant's Objections [DE 39]. First, Plaintiff makes new factual arguments regarding service that are waived, as Plaintiff did not raise them in any pleading or at the lengthy evidentiary hearing before Judge Snow. *See Sunflower Condo. Ass'n, Inc. v. Everest Nat'l Ins. Co.*, No. 19-CIV-80743-RAR, 2020 WL 5757085, at *5 (S.D. Fla. Sept. 28, 2020) (declining to consider argument raised for the first time in objections to report and recommendation and observing that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.") (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Second, Plaintiff disagrees

with Judge Snow's credibility determinations and factual conclusions regarding the service of process and the service of the Order to Show Cause in this matter.  However, after carefully considering the Report, the transcript of the three-hour evidentiary hearing, and the briefs filed in the record, the Court agrees with Judge Snow's analysis and conclusions.  Defendant has failed to meet its burden of proof on showing insufficiency of process. *See Ostane v. Jim Wright Marine Const., Inc.*, No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010) ("[T]he burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies with the party raising the challenge.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 36] is hereby **APPROVED**;

2. Defendant's Objections to the Report and Recommendation [DE 37] are **OVERRULED**;

3. Defendant's Verified Motion to Set Aside Final Default Judgment and Permanent Injunction and Motion to Quash Service of Process [DE 25] is **DENIED**;

4. Plaintiff's Motion to Enforce Injunction, for Contempt, for Sanctions, and Motion to Compel Defendant to Provide Judgment Debtor Fact Information [DE 22] is **GRANTED**;

5. Defendant shall fully comply with the Final Default Judgment and Permanent Injunction at [DE 19], which includes the $175,000 damages award to Plaintiff;

6. Defendant is hereby held in **CONTEMPT** of the Court's Final Default Judgment and Permanent Injunction Order and accordingly, shall produce a reporting of (1) sales for all goods and services utilizing Plaintiff's trademarks since October 21, 2021; and (2) when, to whom, and how many of these goods were sold, both

adequately supported by invoices and receipts;

7. Defendant shall complete and produce the Form 1.977 within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of May, 2022.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record
Magistrate Judge Lurana S. Snow