UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 21-61758-CIV-DIMITROULEAS/HUNT

BTL INDUSTRIES, INC.,

    Plaintiff,

v.

TECHNO ESTHETICS INC.,
d/b/a True Esthetics MedSpa,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff BTL Industries Inc.'s Motion for Attorneys' Fees and Costs against Defendant Techno Esthetics. ECF No. 41. The Honorable William P. Dimitrouleas referred Plaintiff's Motions to the undersigned for a report and recommendation. ECF No. 43; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of Plaintiff's Motion, the case file, and applicable law, the undersigned respectfully RECOMMENDS that Plaintiff's Motion be GRANTED IN PART and DENIED IN PART as set forth below.

### BACKGROUND

On August 23, 2021, Plaintiff BTL Industries Inc. filed a Complaint against Defendant for trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)), trademark infringement and unfair competition under the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201) ("FDUTPA"), and trademark infringement and unfair competition under Florida common law. ECF No. 1. On September 17, 2021, the Clerk

entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a).  ECF No. 9.  On October 21, 2021, the Court granted Plaintiff's Motion for Final Judgment and Permanent Injunction by Default against Defendant.  ECF No. 18.  On November 29, 2021, Plaintiff filed its Motion to Enforce Injunction, for Contempt, Sanctions, and to Compel Defendant to Provide Judgment Debtor Fact Information.  ECF No. 22.  On December 31, 2021, Defendant filed a separate Motion to Set Aside the Final Default Judgment and Permanent Injunction.  ECF No. 25.  On March 25, 2022, the Court held a three-hour evidentiary hearing. ECF No. 32.  Magistrate Judge Snow recommended denying Defendant's Motion to Set Aside.  ECF No. 36.  Defendant objected to the report and recommendation, ECF No. 37, and on May 6, 2022, the Court denied Defendant's Motion to Set Aside, granted Plaintiff's Motion to Enforce Judgment, and further ordered Defendant to comply with its Order of Final Judgment. ECF No. 40.  In accordance with Local Rule 7.3(b), Plaintiff timely provided Defendant with a draft of its motion for fees and costs.  ECF No. 41-1 at 5.  Defendant responded that it could not agree to the fees claimed. *Id.*  Plaintiff now files its Motion for Attorneys' Fees and Costs.  ECF No. 41.

## ANALYSIS

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorneys' fees.  This Court previously determined that "pursuant to and in accordance with 15 U.S.C. §1117(a) and applicable law, BTL shall also have and recover from Defendant: (a) attorneys' fees for the preparation and prosecution of this action against Defendant in a reasonable amount to be determined, with interest thereon at the rate provided by law."  ECF No. 19 at 9.  Although Defendant did indicate that it did not agree to Plaintiff's fee request, Defendant did not respond to Plaintiff's Motion.

As Plaintiff has noted, this Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate of a six-year attorney from $300 to $250). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[1]  *Id.*

---

[1] The undersigned concludes that a hearing is not necessary. A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes. *Norman*, 836 F.2d at 1303–04. Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245

a. <u>Reasonable Hourly Rates</u>

Plaintiff, having prevailed on default judgment, now seeks a fee award of $135,020.18, based upon 266.4 hours of professional services rendered. Plaintiff requests an hourly rate ranging from $410 to $795 for counsel. ECF No. 41-1. This Court must consider twelve factors when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

The undersigned finds *Hermosilla v. Coca-Cola Co.* to be instructive when considering the fees requested in the instant action. No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *1 (S.D. Fla. July 15, 2011), *subsequently aff'd,* 492 F. App'x 73 (11th

---

(11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise. Furthermore, the written record here is of sufficient clarity to permit this Court to resolve any issues of fact that may exist.

Cir. 2012). Faced with a request for high hourly rates billed by multiple attorneys in a fee-shifting context, the *Hermosilla* court—Magistrate Judge Torres—noted the guiding principle articulated in *ACLU v. Barnes*, namely, that a "prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." *Id.* at *9 (quoting *Barnes*, 168 F.3d at 437). Judge Torres then analogized his dilemma to automobile choices:

> [O]ne can drive from point A to point B in a Ferrari, a BMW, or a Ford Fusion. Which car one chooses is ordinarily a matter of personal style coupled with financial freedom. The successful personal injury or criminal defense lawyer may choose the Ferrari. The average corporate defense lawyer will wisely choose the BMW. But a successful attorney fee applicant can only choose the Ford Fusion. It is quite reliable, consistent, and effective for the task at hand, and will not break the bank. And because of that only the cost of a Ford Fusion is compensable under an attorneys' fee statute based on the American Rule that governs federal litigation.

*Id.* at *10.

The record establishes that the attorneys request rates as follows. Monica Riva Talley requests a rate of $770 per hour. Chandrika Vira requests a rate of $795 per hour. *Id.* Brady Gleason requests a rate of $620 per hour. *Id.* Kathleen E. Wills requests a rate of $495 per hour. Sahar A. Ahmed requests a rate of $410 per hour. Tally attests that these rates are considered to be reasonable and customary compared to hourly rates charged by the attorneys' peers in similar actions involving intellectual property law and trademark infringement. *Id.* Both Ms. Wills and Ms. Ahmed are no longer with the firm representing Plaintiff. Additionally, Jamie Vining appears to request a rate of $450. ECF No. 41-1 at 39.

According to her biography, Monica Talley heads Sterne Kessler's Trademark & Brand Protection Practice, and has specialized in intellectual property disputes for more than 25 years.  She is also an adjunct professor teaching trademark law at The George Washington University Law School. ECF No. 41-1 at 34-35.  Chandrika Vira is a director in Sterne Kessler's Trial & Appellate and Biotechnology & Chemical Practice Groups, and is a contributing author of the Second Edition of "Pre-ANDA Litigation: Strategies and Tactics for Developing a Drug Product and Patent Portfolio," published by the American Bar Association.  *Id.* at 37.  Brady P. Gleason is an associate in Sterne Kessler's Trial & Appellate Practice Group. *Id*. at 39.

This Court, having considered the provided affidavits and the twelve factors, has determined that some adjustment of these requested amounts is required.  Plaintiff cites two cases to justify the amounts requested over $700.  *See Roth v. Geico Gen. Ins. Co.*, No. 16-62942-CIV-DIMITROULEAS/SNOW, ECF No. 328 (Report & Recommendation), at *17-18 (S.D. Fla. Nov. 13, 2019) (finding billable hourly rate of $750 to be "reasonable" and "consistent with the undersigned's experience in this District"); *see also Roche Diagnostics Corp. v. Surplus Diabetic, Inc.*, No. 19-61469-CIV-RUIZ/STRAUSS, 2020 WL 8082367, at *7 (S.D. Fla. July 6, 2020) ("Based on the undersigned's own knowledge of reasonable hourly rates in this community, and given Mr. Potter's and Mr. Fischer's qualifications and experience, the undersigned finds that, in the South Florida market, $700 is a reasonable hourly rate for Mr. Potter[.]").

Although the *Roche Diagnostic*s court did find a $700 per hour amount reasonable, that court also observed that "[o]ther judges in this district recently found $625 and $675

to be reasonable hourly rates in this community for partners at top law firms." *Roche Diagnostics Corp.*, 2020 WL 8082367 at *7 (internal citations omitted).

Based on the undersigned's own knowledge of reasonable hourly rates in this community, and given Ms. Talley's and Ms. Vira's credentials, resume, experience and expertise, the undersigned finds that, in the South Florida market, $650 is a reasonable rate for both Ms. Talley and Ms. Vira.  Likewise, the *Roche Diagnostics* court reduced an associate at Patterson Belknap Webb & Tyler LLP in New York from a requested $710 to $425 based on a typical hourly rate for a comparable attorney in Miami.  *Id.*  The undersigned therefore recommends reducing Gleason's and Wills' rates to $425 per hour but approving Ahmed's requested rate of $410 per hour.

According to Plaintiff's filings, Jaime Rich Vining was recently awarded $340 per hour in another case in this district, and this Court recommends allowing fees consistent with this ruling.  ECF No. 45, *see also Carnival Corp. v. McCall*, No. 18-24588-CIV-UNGARO/O'SULLIVAN, 2021 WL 2338647, at *7 (S.D. Fla. Apr. 26, 2021), *report and recommendation adopted*, No. 18-24588-CIV-BLOOM/O'SULLIVAN, 2021 WL 2333102 (S.D. Fla. June 8, 2021).

b. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301)

(internal quotation marks omitted) (emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.  "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Plaintiff requests to be compensated for 23.9 hours for Talley, 80.7 hours for Vira, 5.4 hours for Gleason, 40.9 hours or Wills, 44.5 hours for Ahmed, and 71 hours for Vining. EF No. 41-1.  For the reasons outlined below, the undersigned finds it necessary to reduce the hours for which Plaintiff can be compensated.

Here, the undersigned finds that the hours claimed are unreasonably high, warranting an across-the-board reduction.  For instance, it appears that simply getting to default judgment, prior to any appearance from Defendant, required over 100 hours of work from five attorneys, with the majority of the hours often going to the attorneys with the highest rates.  Such billing is consistent with the entire prosecution of this case.  The undersigned notes that in a fee-shifting context, resources must be allocated *reasonably,* rather than as in those cases where a well-heeled litigant "knowingly contracts for . . . premium services in exchange for premium hourly rates[, or] bargains for an army of lawyers."  *Hermosilla*, 2011 WL 9364952, at *8.

8

Although Plaintiff may well have contracted for an army of trademark litigation Ferraris, Plaintiff must understand that it can be reimbursed only for the Ford Fusion. *See Barnes*, 168 F.3d at 428. Accordingly, the undersigned finds that a sixty-six percent across-the-board cut is appropriate. This percentage accounts for what appears to be double or even triple billing of similar entries by Plaintiff's attorneys, as well as for excessive time spent on specific tasks. Accordingly, Plaintiff should be compensated for 8.1 hours for Talley, 27.4 hours for Vira, 1.8 hours for Gleason, 13 hours for Wills, 21.1 hours for Ahmed, and 24.1 hours for Vining.

c. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff should be awarded $5,265 for Talley ($650 x 8.1 hours), $17,810 for Vira ($650 x 27.4 hours), $765 for Gleason ($425 x 1.8 hours), $5,525 for

Wills ($425 x 13 hours), $8,651 for Ahmed ($410 x 21.1 hours), and $8,194 for Vining ($340 x 24.1 hours).  The total amount of attorney's fees the undersigned recommends Plaintiff be awarded is $46,210.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs against Defendant Techno Esthetics, ECF No. 41, be GRANTED to the extent that Plaintiff be awarded attorneys' fees in the amount of $46,210.  The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 17th day of February 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record